**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IP MANAGEMENT LLC, | ) | Case No. 1:21-cv-2328 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| TYESHA HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>REMAND ORDER</u>**

*Pro se* Defendant Tyesha Harris removed this eviction action from the Bedford Municipal Court. A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As the party seeking to invoke federal jurisdiction, the defendant bears the burden of establishing that the Court properly has original jurisdiction over the case brought in State court. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). For removal to be proper, that means that Defendant must demonstrate that Plaintiff could have filed the eviction action in federal court originally, rather than in the State court.

In this case, however, Defendant has given no indication that the original complaint could have been filed in federal court. Diversity of citizenship cannot be the basis of jurisdiction to support removal because of the forum-defendant rule. That is, Defendant appears to be a citizen of Ohio, and a case cannot be removed from State court if any defendant is a citizen of the State in which the action is

brought. 28 U.S.C. § 1441(b)(2). Under 28 U.S.C. § 1331, federal question jurisdiction exists "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although Defendant seeks to assert federal claims in her notice of removal, counterclaims and defenses are "inadequate to confer federal jurisdiction," for removal from State court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 650 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the Defendant's answer, not as part of the Plaintiff's Complaint—cannot serve as the basis for 'arising under' jurisdiction."). The plaintiff's pleading, and not the defendant's response, establishes jurisdiction. Defendant did not provide the Court with a copy of the eviction complaint she seeks to remove and did not establish that Plaintiff raised a federal cause of action in that pleading. Therefore, Defendant has failed to establish that the complaint involves a federal question such that the Court may exercise original jurisdiction.

Because Defendant has not met her burden to establish a basis for original jurisdiction over the eviction action filed against her, the Court **REMANDS** this action to the Bedford Municipal Court.

**SO ORDERED.**

Dated: February 7, 2022

							J. Philip Calabrese
							United States District Judge
							Northern District of Ohio

3